[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10491

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARQUIS KEWON OLIVER,
a.k.a. Fred,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cr-00167-TFM-MU-1

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Marquis Oliver appeals his sentence of 188 months of imprisonment imposed after he pleaded guilty to conspiring to possess with intent to distribute a controlled substance. 21 U.S.C. § 846. After Oliver's appointed appellate counsel moved to with withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), we denied counsel's motion without prejudice because counsel's brief omitted three issues: whether the government breached the plea agreement by objecting to Oliver's eligibility for safety-valve relief, 18 U.S.C. § 3553(f); whether Oliver was eligible for safety-valve relief or whether his appeal should be held in abeyance pending our *en banc* rehearing of *United States v. Garcon*, 997 F.3d 1301 (11th Cir. 2021), *rev'd en banc,* 54 F.4th 1274 (11th Cir. 2022); and whether Oliver's prior convictions qualified as crimes of violence for the career offender enhancement, United States Sentencing Manual § 4B1.1 (Nov. 2018). Oliver responded by filing a merits brief. We affirm.

We ordinarily review whether the government breached a plea agreement *de novo*. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). But when a defendant failed to object to an alleged breach in the district court, he must establish not only that an error occurred that was plain, but that the error affected his

substantial rights by "show[ing] a reasonable probability that, but for the error," the outcome of his proceeding would have been different. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004); *see Puckett v. United States*, 556 U.S. 129, 135 (2009).

Oliver argues that the government breached a provision of the plea agreement that prohibited it from objecting to his argument that he was eligible for the safety valve despite his prior convictions, but he concedes that he was nevertheless ineligible for safety valve relief because he refused to provide necessary debriefing information to the government. *See* 18 U.S.C. § 3553(f)(5) (requiring the defendant to have "truthfully provided to the Government all information and evidence the defendant has concerning the offense"). Because Oliver concedes that his sentence was unaffected by the alleged breach, he cannot establish plain error. *See Puckett*, 556 U.S. at 135, 142 n.4; *Garcon*, 54 F.4th at 1279 (explaining that "the sentencing court must find that a defendant satisfies *each* of subsections (f)(1) through (f)(5)" to be eligible for safety-valve relief (emphasis added)).

Regarding his designation as a career offender, Oliver asserts that his "Prior Assault-related Convictions Qualified as Crimes of Violence for Purposes of the Career Offender Enhancement." Oliver explains that trial counsel objected that Oliver's convictions for attempted first-degree assault, ALA. CODE § 13A-6-20, and two counts of second-degree assault against a police officer, *id.* § 13A-6-21, should not qualify as crimes of violence, but Oliver offers no argument that the district court erred in sentencing him as a career

4                    Opinion of the Court                    22-10491

offender. *See United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022). Even if Oliver had challenged his designation as a career offender, his appeal waiver would be unaffected by the government's harmless breach of the separate safety-valve provision of the plea agreement, and he does not dispute that he knowingly and voluntarily waived his right to appeal his sentence except in limited circumstances that do not apply. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

We **AFFIRM** Oliver's conviction and sentence.